IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-06-248-15-L |
| | ) | |
| EVERETT LAMONT CARR, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Defendant Everett Lamont Carr, appearing *pro se*, has filed a "Motion to Modify Sentencing Under a Statutory Lenity of Excessive Punishment Pursuant to 28 U.S.C.A. § 2241(a)(2) under 18 U.S.C.S. § 3584(a) and 21 U.S.C.A. § 826" **[Doc. No. 912]**, which the court has carefully considered.  The court is thoroughly familiar with the proceedings in this case, having presided over defendant's plea hearing and sentencing, as well as the proceedings in matters relating to several co-defendants.

The procedural history of this case reveals that defendant was initially charged in four counts (1, 55, 56 & 71) of an October 4, 2006 multi-count drug conspiracy indictment against 21 defendants.  The conspiracy count against Mr. Carr was dismissed on January 31, 2007 upon motion of the government.  On February 16, 2007, a two-count Superseding Information was filed against Mr. Carr charging the use of a communication facility to facilitate the distribution of

cocaine base (crack) in violation of 21 U.S.C. § 843(b) & 18 U.S.C. § 2.  Count 1 of the Superseding Information alleged that on or about June 5, 2006, Mr. Carr knowingly and intentionally used a telephone, in a series of calls, to arrange for the sale of approximately 75.1 grams of crack cocaine.  Count 2 alleged that on or about June 22, 2006, Mr. Carr knowingly and intentionally used a telephone to arrange for the sale of approximately 121.8 grams of crack cocaine.  On the same date that the Superseding Information was filed, *i.e.*, February 16, 2007, Mr. Carr entered a plea of guilty to both counts of the two-count Superseding Information.

     Mr. Carr was sentenced on July 24, 2007 to, among other things, a term of incarceration of 66 months, consisting of 48 months as to Count 1 and 18 months as to Count 2.  Each count carried a four year statutory maximum.  Over Mr. Carr's objections, the court ordered the terms of incarceration on the two counts to be run consecutively, resulting in the total term of incarceration of 66 months.  Pursuant to the terms of his valid plea agreement, defendant waived his right to appeal, collaterally challenge or move to modify his sentence.  Plea Agreement, Doc. No. 556, ¶ 8.  Mr. Carr did not file a direct appeal.

     Despite his waivers, defendant's present motion seeks a modification of his sentence.  The court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.  Consequently, a court does not have the inherent power to resentence

a defendant at any time.  United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir. 1996).  As indicated in the title of his motion, defendant seeks relief under three statutory provisions he identifies as 28 U.S.C.A. § 2241(a)(2), 18 U.S.C.S. § 3584(a) and 21 U.S.C.A. § 826.  In considering defendant's *pro se* motion liberally, the court concludes that the three provisions cited do not justify a sentencing modification.

    Initially, the court concludes that neither 18 U.S.C.S. § 3584(a)[1] or 21 U.S.C.A. § 826 provide authority for the court to modify Mr. Carr's sentence.  While it is clear from defendant's motion that he disagrees with the court's imposition of consecutive sentences on the two counts for which he plead guilty, § 3584(a) merely explains the court's authority regarding multiple sentences of imprisonment and does not in itself provide a statutory basis for the modification of a sentence already imposed.  21 U.S.C.A. § 826 is also unavailing since the cited provision pertains to production quotas for controlled substances and would appear to have no bearing on defendant's sentence.  The court has briefly reviewed the other statutory provisions referred to in defendant's motion and finds that they also fail to provide a jurisdictional basis for the court to modify his sentence at this time.

    Turning to Mr. Carr's attempt to attack his sentence under § 2241, the court finds that his reliance on this statutory provision is misplaced.  It is well settled

---

[1]     The court assumes that defendant means to refer to 18 U.S.C.A. § 3584(a).

that an application under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity, and must be filed in the district court where the prisoner is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). A petition filed under § 2241 is the proper method for challenging the manner in which a federal or state sentence is being executed. Id. Here, Mr. Carr does not appear to be primarily challenging the manner in which his sentence is being executed. To the extent he intends to challenge the execution of his sentence, his petition under § 2241 was filed in the wrong court since it was not filed in the district where he is confined.[2]

A § 2241 petition is not to be considered as an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255. Bradshaw, 86 F.3d at 166 (citations omitted). A 28 U.S.C. § 2255 petition attacks the legality of detention; its purpose is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in district where the prisoner is confined. Id., *citing* Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965). A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence. Bradshaw, 86 F.3d at 166.

Because defendant's motion was filed in his sentencing court and attacks the sentence he received, as opposed to the execution of his sentence, it

---

[2] The court file reflects that defendant is serving his sentence at the Federal Correctional Institution in Fort Worth, Texas. *See* Doc. No. 843.

appears that his appropriate remedy may be under § 2255, not § 2241. However, the court does not find it appropriate to recharacterize defendant's motion as a 28 U.S.C. § 2255 motion. Conversion of Mr. Carr's motion will subject any subsequent § 2255 motion he may file to the restrictions applicable to second or successive § 2255 applications. The United States Supreme Court has held that the district court may not recharacterize a defendant's *pro se* motion as a request for relief under § 2255 unless the court first warns the *pro se* litigant of the consequences the recharacterization, giving the litigant the opportunity to contest the recharacterization, or to withdraw or amend the motion. Castro v. United States, 540 U.S. 375 (2003); United States v. Martin, 357 F.3d 1198, 1199-1200 (10th Cir. 2004). Here, to recharacterize defendant's motion could potentially negatively impact defendant's opportunity to file a complete first § 2255 motion within the one year statute of limitations applicable to such motions. Due to the fact that defendant was sentenced in July of 2007, he has adequate time remaining in which to file a proper motion under § 2255 if he chooses to do so.

Accordingly, for the above reasons, defendant Everett Lamont Carr's *pro se* "Motion to Modify Sentencing Under a Statutory Lenity of Excessive Punishment Pursuant to 28 U.S.C.A. § 2241(a)(2) under 18 U.S.C.S. § 3584(a) and 21 U.S.C.A. § 826" **[Doc. No. 912]** should be and is hereby **DENIED.**

Finally, although Mr. Carr's motion is not a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), it appears that he may be potentially eligible

for relief under recent crack cocaine sentencing guideline amendments which have been authorized by the U.S. Sentencing Commission to be applied retroactively. Defendant may wish to file a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and/or he may file a motion for counsel to be appointed for the limited purposed of filing such a motion on his behalf if appropriate.[3]

It is so ordered this 1st day of April, 2008.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

[3] Of course, the court in this order makes no ruling on any potential relief that may be ultimately available to Mr. Carr based on the new sentencing guidelines.